IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN MCCORD,

    Plaintiff,          ORDER

  v.               10-cv-318-bbc

RICK RAEMISCH, Secretary Wisconsin
Department of Corrections,
JOHN DOE 1, Correctional Officer,
Wisconsin Department of Corrections

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated June 26, 2010, plaintiff's motion to waive the initial partial payment in this case was denied and he was granted an extension of time until July 23, 2010, in which to pay the $2.47 initial partial payment of the fee for filing this action. The court has not received plaintiff's payment. Instead, plaintiff has filed a letter in which he again asks the court to waive the initial partial filing fee. Plaintiff's request will be denied and the case will be closed without prejudice.

As plaintiff was told in the magistrate judge's June 26, 2010 order, the court cannot find that he lacks the means to pay an initial partial payment of the $350 fee for filing this

1

Copy of this document has been
provided to: Plaintiff
this 28 day of July, 2010
by /s/
S. Vogel, Secretary to
Judge Barbara B. Crabb

case. In fact, the Court of Appeals for the Seventh Circuit ruled in Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997), rev'd on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000), that a prisoner has "means" any time his trust fund account statement reveals periodic income. Although plaintiff believes that he will not be able to make an initial partial payment in this case, his trust fund account statement shows that he has means to do so because he had regular deposits into his account in the six-month period immediately preceding the filing of his complaint. Therefore, I will deny plaintiff's motion to waive the initial partial payment and close the case without prejudice.

Under the holding of Newlin, he will not be eligible for waiver of the initial partial payment under § 1915(b)(4) unless he submits a six-month trust fund account statement revealing an absence of periodic income for the full six-month period. If plaintiff is able to make an initial partial payment in the future or enough time elapses that a six month trust fund account statement would show that plaintiff has no means to make an initial partial payment, he may move to reopen this case.

ORDER

IT IS ORDERED that plaintiff Jonathan McCord's request to waive the initial partial

payment is DENIED and this case is DISMISSED WITHOUT PREJUDICE.

Entered this 28th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3