IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN McCORD,

                Plaintiff,                              ORDER

       v.                                            10-cv-318-bbc

RICK RAEMISCH, Secretary Wisconsin
Department of Corrections,
JOHN DOE 1, Correctional Officer,
Wisconsin Department of Corrections

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case was dismissed without prejudice on July 28, 2010 when plaintiff failed to submit the initial partial payment of the $350 fee for filing this case pursuant to the 1996 Prisoner Litigation Reform Act. I advised plaintiff that if, at some future time, enough time elapses that a six month trust fund account statement would show that he has no means to make an initial partial payment, he would be free to file a motion to reopen this case. Now plaintiff has submitted a motion for reconsideration

      In his motion, plaintiff says that staff at the Waupun Correctional Institution take 100% of his income. Plaintiff asks the court to direct the warden of the Waupun

1

Correctional Institution to look into the matter and advise the court of the status of plaintiff's request for withdrawal of the initial partial payment in this case. Plaintiff's request will be granted and this case will be reopened.

A review of the trust fund account statement plaintiff submitted on June 11, 2010, shows that he has been receiving regular income to his prison account since at least December 2009. Plaintiff's statement shows also that any income he receives is automatically deducted to pay federal and state court filing fees and various loans and obligations. Also, it appears, he has no funds in his release account.

It is not clear whether plaintiff's initial payment has not been remitted because prison officials have chosen to give priority to plaintiff's other debts or whether plaintiff has not received any income from which the initial partial payment can be made. The Court of Appeals for the Seventh Circuit has not ruled definitively on the question whether jails and prisons may ignore a plaintiff's obligations under the Prison Litigation Reform Act in favor of making payments on debts a prisoner owes to the county, state or even his victims under a restitution program. However, in <u>Newlin v. Helman</u>, 123 F.3d 429, 435-36 (7th Cir. 1997), the court of appeals suggested in dicta that prison officials are required by statute to give priority to federal court filing fees: "[initial partial payment] should have been immediate, and its collection should have come off the top of the next deposit of prison wages." Thus, the fact that plaintiff has other debts and obligations should not prevent him

2

from making the initial partial payment he has been assessed in this case.

Because I do not wish to decide this matter without allowing the prison an opportunity to address the issue, I am sending a copy of this order to the warden at the Waupun Correctional Institution, and requesting that he look into the matter and advise this court in writing of the status of plaintiff's request for withdrawal of the initial partial payment. If it is the case that plaintiff has not received any income since entry of the court order assessing the $2.47 payment and he has no available funds in his release account, then plaintiff will have until August 30, 2010, to obtain the funds from another source or he may refile his case at a later date when a six-month trust fund account statement would show that he has had no income for an entire six-month period. Alternatively, if the warden determines that a state statute, a state court order or prison policy is guiding the decision to give priority to plaintiff's state court obligation to the exclusion of his federal court obligation, then he is requested to advise the court of that authority.

ORDER

IT IS ORDERED that plaintiff Jonathan McCord's motion for reconsideration, dkt. #10, is GRANTED and this case is REOPENED.

Further IT IS REQUESTED that no later than August 30, 2010, the warden at Columbia Correctional Institution is to advise this court of the status of plaintiff's request

for withdrawal of the initial partial payment in this case.

Entered this 9th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge